**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FRANK MORGAN,** )<br>)<br>          **Plaintiff,**       )<br>)<br>**vs.**                                   )<br>)<br>**BETSY SPILLER,**          )<br>)<br>          **Defendant.**     ) | **CIVIL NO. 09-cv-161-DRH** |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff Frank Morgan, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Morgan states that he created a selection of stationery and greeting cards, which he wanted to market for commercial purposes through a company called Specialty Merchandise Corporation. While at Menard, he notified his case worker, Defendant Betsy Spiller, of his intentions. Subsequently, he received a disciplinary ticket on unspecified charges and was sent to segregation; meanwhile, his artwork was confiscated from his cell. Morgan alleges that Spiller and other employees have been copying and marketing his artwork for their own profit. His request for relief in this action is this:

> The Plaintiff in this matter want the courts order to compel the Defendant and or Dept. of Corrections to produce the documents that Plaintiff is entitled to have under the Freedom of Information Act. Plaintiff's request here at Pontiac for certain documents were denied because they were produced at Menard while I was at Menard serving time.

Morgan does not specify under what statute he seeks relief. He could mean the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 551 et seq. However, this statute does not apply to state governments or agencies. 5 U.S.C. §§ 551, 552. *See, e.g., Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980). Thus, the federal FOIA statute cannot provide him with a remedy.

Alternatively, Morgan could be invoking the equivalent Illinois statute, 5 ILCS § 140/3, although he does not allege that he presented any form of written request to the state agency as required by the statute. 5 ILCS § 140/3(b). Thus, he is not entitled to relief under the Illinois FOIA statute at this time.

To the extent that Morgan may be trying to assert a due process claim under the Fourteenth Amendment for the confiscation of his artwork, two obstacles stand in his way. First, Morgan may not pursue his § 1983 claims in federal court until after he has exhausted his available state remedies. *See* 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is usually an

affirmative defense. However, when it is clear from the face of the complaint that an inmate has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007). In this case, Morgan clearly states that he did not file any sort of grievance over this matter. He explains that he was transferred to Pontiac shortly after this incident occurred, but a transfer to another institution does not absolve him of his obligation to seek administrative remedies through the appropriate state agencies.

Secondly, the only constitutional right that might be implicated by his allegations is Morgan's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Morgan must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Morgan has no claim under Section 1983.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Morgan is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: December 7, 2009.**

/s/ *David R Herndon*
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**